IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GLORIA A. WILLIS                                                                                  PLAINTIFF

VS.                                              CASE NO. 04-CV-1107

UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL 2008                                                      DEFENDANT

## ORDER

Before the Court is Plaintiff Gloria Willis' Rule 60 Relief from Judgment, Decree or Order. (Doc. No. 28). Plaintiff asks the Court to set aside the Judgment entered by this Court in favor of the Defendant United Food and Commercial Workers Union, Local 2008. Defendant has not responded to the motion. The Court finds the motion ripe for consideration.

On January 27, 2006, this Court granted Defendant United Food and Commercial Workers Union, Local 2008's Motion for Summary Judgment on all of Plaintiff's claims. On the same day a Judgment was entered dismissing her lawsuit with prejudice. On February 24, 2006, the Plaintiff filed a Motion for Rule 60 Relief and a Notice of Appeal to the Eighth Circuit Court of Appeals. Although she has filed an appeal in this case, this Court has jurisdiction to consider her Rule 60 motion on it merits. *See Hunter v. Underwood,* 362 F.3d 468, 475 (8th Cir. 2004).

Rule 60(b) allows a party relief from a final judgment or order when the ground asserted is: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the

judgment is void; (5) the judgment has been satisfied, release, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b); *See Sanders v. Clemco Industries,* 862 F.2d 161, 169 (8th Cir. 1988). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch,* 413 F.3d 866, 870 (8th Cir. 2005)(quotations marks and citations omitted). The rule is grounded in equity and exists "to prevent the judgment from becoming a vehicle of injustice." *Id.* " 'The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.' " *Id.* (quoting 11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* §2851 at 227 (2d ed. 1995)). However, it is "not a vehicle for simple reargument on the merits." *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir. 1999).

In this case, the Court finds that the Plaintiff's motion lacks merit. The sections of Rule 60(b) that appear to be included in the Plaintiff's request for relief are (b)(1), alleging mistake, (b)(3), alleging misrepresentation, and (b)(6), "any other reason justifying relief rom the operation of the judgment." The Plaintiff basically disagrees with the Court's method of evaluating her claim and the conclusions reached by it. The Court does not find a mistake of law or fact in its Memorandum Opinion granting summary judgment to the Defendant. Thus, Rule 60(b)(1) does not entitle Plaintiff to relief from the Judgment entered in favor of the Defendant based upon mistake. Plaintiff also alleges misrepresentation on the part of the Defendant, however, she cites to no evidence in support of her allegation. Therefore, Plaintiff is not entitled to relief from the Judgment on the bases of Rule 60(b)(3). As to subsection (b)(6), "relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving

party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley,* 413 F.3d at 871 (citing *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 373 (8th Cir. 1994)). Plaintiff had a full and fair opportunity to litigate her claims in this case. She has filed an appeal and is seeking review of the Court's decision by the Eighth Circuit. The Court does not find that there are any exceptional circumstances that would afford her relief under Rule 60(b). Therefore, the Court finds that the Plaintiff's Motion for Rule 60 Relief from Judgment, Decree or Order should be and hereby is **denied**.

IT IS SO ORDERED, this 2nd day of May, 2006.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge