IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GLORIA A. WILLIS                                                                                    PLAINTIFF

VS.                                         CASE NO. 04-CV-1107

UNITED FOOD AND COMMERCIAL
WORKERS UNION, LOCAL 2008                                                       DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed on May 3, 2006, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 35). On May 15, 2006, the Plaintiff filed objections to the Magistrate's Report and Recommendation. (Doc. No. 36). The matter is now before the Court for *de novo* review from which the report will be accepted, rejected, or modified in whole or in part pursuant to 28 U.S.C. §636(b)(1).

This was an action against the Defendant United Food and Commercial Workers Union, Local 2008 alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* On January 27, 2006, the Court granted the Defendant's summary judgment motion and entered a judgment in favor of the Defendant, finding that the Plaintiff failed to provide the Court with any evidence that would create a genuine issue of material fact from which a jury could find discrimination by the Defendant based on race, gender, religion or retaliation. The Plaintiff filed a Notice of Appeal (Doc. No. 29), along with a Motion for Leave to Appeal as a pauper (Doc. No. 30) and an IFP application (Doc. No. 32).

The Plaintiff's application to proceed IFP was referred to Magistrate Judge Bobby E. Shepherd, pursuant to 28 U.S.C. §636 (b)(1)(A) and Rule 72.1, Rules of the United States District Courts for the Eastern and Western Districts of Arkansas. In his Report and Recommendation, Judge Shepherd found that the Plaintiff was unable to pay the filing fee for this appeal, however, he found that the appeal was not taken in good faith as required by 28 U.S.C. §1915(a)(3). Therefore, it was recommended that the Court deny Plaintiff's application to proceed IFP on appeal and direct Plaintiff to pay the full filing fee of $455.00 or renew her application to proceed IPF with the United States Court of Appeals for the Eighth Circuit. Plaintiff argues that she was granted IFP status at the trial level, thus, she should not be required to pay the filing fee for her appeal.

Plaintiff was previously granted IFP in this matter on December 1, 2004. Therefore, Federal Rule of Appellate Procedure 24(a)(3) applies. This rule states:

> A party who was permitted to proceed in forma pauperis in the district court action, . . . , may proceed on appeal in forma pauperis without further authorization, unless the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding; ....

Fed.R.App.P. 24(a)(3). Accordingly, if an appeal is not taken in good faith, IFP status will be denied even if it has been determined that a party is indigent. *See* 28 U.S.C. §1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States,* 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore can not be taken in good faith, "where it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In this case, the Court found that no genuine issue of material fact existed. Plaintiff has appealed this ruling but states that she is not saying that the Court's ruling is wrong. Plaintiff's appeal appears to lack any arguable basis in either law or fact and is, therefore, frivolous as defined by the Supreme Court. Thus, the Court finds and certifies that the Plaintiff's appeal is not taken in good faith.

For the reasons set forth above, the Court adopts the Magistrate Judge's Report and Recommendation. Accordingly, the Plaintiff's application to proceed IFP on appeal is hereby **denied.** Plaintiff is directed to pay the full filing fee of this appeal ($455.00) within one month of this order or renew her application to proceed IFP with the United States Court of Appeals for the Eighth Circuit.

IT IS SO ORDERED, this 13th day of June, 2006.

        /s/Harry F. Barnes
        Hon. Harry F. Barnes
        United States District Judge